IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROCK LEROY MASSEY,  )
                Plaintiff,  )
      -vs-  ) Civil Action No. 15-869
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
                Defendant.  )

AMBROSE, Senior District Judge.

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 10) and granting Defendant's Motion for Summary Judgment. (Docket No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed his applications for benefits alleging he had been disabled since February 28, 2011. (Docket No. 8-6, pp. 2, 9). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on April 24, 2014. (Docket No. 8-2, pp. 24-49). On May 9, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 8-2, pp. 12-19). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

### B. <u>Medical Evidence</u>

Plaintiff begins by arguing that the ALJ erred in failing to properly assess the effects of his arthritis, carpal tunnel syndrome and obesity. (ECF No. 11, pp. 7-8). First, Plaintiff submits that the ALJ erroneously concluded that there was no medical evidence to support that he suffered from carpal tunnel syndrome. (ECF No. 11, p. 7). In a footnote, Plaintiff then explains that the records relating to his carpal tunnel syndrome (and eye problems) were not submitted to the ALJ, but were submitted for the first time to the Appeals Council. As I mentioned previously, the instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore,

pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, Plaintiff admits that the "records reflecting the carpal tunnel syndrome were not available to the ALJ, as well as the records related to Massey's eye problems, they were submitted to the Appeals Council." (ECF No. 11, p. 7, n.2). Plaintiff does not give any reason why he failed to present this evidence to the ALJ prior to her issuing her decision. *See*, ECF No. 11. Plaintiff was represented by counsel at the hearing and at no time did counsel indicate that the record should be held open for the submission of additional evidence. Clearly, from the dates of the records, the information could have been obtained at or prior to the time of the ALJ's decision. (ECF No. 8-10, pp. 21-62). Yet, for unknown reasons, Plaintiff did not seek to obtain or submit these records prior to the ALJ's decision. *See,* ECF No. 11. Consequently, I find that Plaintiff has not shown good cause for his failure to submit the additional evidence to the ALJ.

Additionally, based on the dates of the records, I find they are not new. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time).[1] Thus, for these reasons, remand under Sentence Six is not warranted as it relates Plaintiff's carpal tunnel syndrome. [2]

---

[1] I note that I do not reach a conclusion on whether the information is material as Plaintiff has failed to show that the evidence was not new <u>and</u> failed to show good cause. Consequently, there is no reason to

4

With regard to arthritis, Plaintiff summarily concludes, without more, that the ALJ erroneously concluded that there was no medical evidence to support Plaintiff's testimony that he suffered from arthritis. (ECF No. 11, p. 7). The ALJ considered and discussed Plaintiff's allegations of arthritis at length.[3] (ECF No. 8-2, pp. 14-17). A plaintiff's own description of his impairments and symptoms standing alone, however, is not sufficient to establish an impairment. 20 CFR §§404.1528(a); 404.1529(a); 416.929(a). Statements of pain alone are not enough to establish a disability; the plaintiff must also present objective medical evidence to show that the medical impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. §§404.1529(a); 416.929(a). Along those same lines, a mere diagnosis does not equate to disabling limitations. Plaintiff fails to point to any evidence contrary to the ALJ's statement. (ECF No. 11, p. 7). Therefore, based on the same, I find no merit to this argument.

With regard to obesity, Plaintiff again summarily concludes that the ALJ erred in failing to give it consideration. (ECF No. 11, pp. 7-8). Initially, I note that Plaintiff never alleged disability due to obesity. (ECF No. 8-7, p. 7). Neither Plaintiff nor his counsel raised obesity as an issue at the hearing. (ECF No. 8-2, pp. 26-49). "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013). *See,* 20 C.F.R. §404.1740(b) (counsel has an affirmative duty to provide all evidence showing how an impairment affects his or her ability to work). Additionally, Plaintiff fails

---

discuss materiality since Plaintiff already failed on, not one but, two prongs of the required three prong test. *Matthews,* 239 F.3d at 591-593, *citing Szubak,* 745 F.2d at 833.

[2] I also note, contrary to Plaintiff's contention otherwise, the ALJ appropriately considered and discussed Plaintiff's allegations of carpal tunnel syndrome at length. (ECF No. 8-2, pp. 14-17). Thus, I find no merit to this argument.

[3] The record reveals that sometimes Plaintiff alleges he has arthritis and sometimes he does not. *See,* ECF No. 8-10, p. 15.

to point to any evidence of record indicating that his obesity manifested in such a way as to create a functional limitation not accounted for by the ALJ. (ECF No. 11). Consequently, I find no error on the part of the ALJ regarding consideration of Plaintiff's obesity.

### C.     Residual Functional Capacity ("RFC") [4]

Plaintiff asserts that the ALJ failed to properly assess his RFC. (ECF No. 11, pp. 8-10). To that end, Plaintiff again summarily concludes that the ALJ failed to give consideration to his obesity, eye problems and carpal tunnel syndrome. As I set forth above, the ALJ properly discussed and considered the same. As such, I find no merit to this bold assertion.

Plaintiff also simply states that "[i]t defies belief that he could stand and walk 6 hours per day, using a cane for standing only." (ECF No. 11, p. 9). This statement falls woefully short. Plaintiff does not point to evidence to suggest the ALJ's RFC was not based on substantial evidence. Consequently, I find no merit to this argument.

Finally, Plaintiff boldly asserts that the ALJ failed to adequately assess his limitations due to his pain. (ECF No. 11, pp. 9-10). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert.*

---

[4] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a).

*denied*, 420 U.S. 931 (1975).   After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility.  (ECF No. 8-2, pp. 12-19).   As laid out in her decision, the ALJ considered the factors set forth above to the extent they were available in the record.  *Id.*   Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p and, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible.  (ECF No. 8-2, pp. 12-19).   Therefore, I find no error in this regard.

### D.     **Vocational Expert**

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert ("VE") hypothetical questions that accurately reflect Plaintiff's impairments.  (ECF No. 11, pp. 10-11).  I disagree.   An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987).   The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Therefore, I find no error in this regard.   Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROCK LEROY MASSEY,                )
                                   )
        Plaintiff,             )
                                   )
  -vs-                             )      Civil Action No.  15-869
                                   )
CAROLYN W. COLVIN,                 )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.             )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 30th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                    BY THE COURT:

                                    s/   Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge